# Trotter Bros , *v*. Blount, Garnishee.

## *Garnishment.*

(Deicded May 20, 1909. Rehearing denied June 30, 1909.
50 South. 130.)

1. *Corporations; Garnishment on Stock; Burden of Proof.*—Where the creditor of a corporation sues the corporation and garnishees the stockholder on the unpaid balance on his stock, the creditor has the burden of showing that there is still something due on the stock.

2. *Same.*—One purchasing stock from the original stockholder is not liable in garnishment at the suit of the creditor of a corporation unless the original holder has not paid the corporation for his stock; and it is immaterial what amount the purchaser paid the original holder for the stock.

3. *Same; Evidence.*—The evidence in this case stated and examined and held insufficient to show that there was anything due the corporation from the original stockholder on the stock which he had sold to the garnishee.

APPEAL from Tuscaloosa County Court.
Heard before Hon. HENRY B. FOSTER.

Action by Trotter Bros., a partnership, against the Bridgeport Coal & Land Co., with garnishment in aid of suit to J. A. Blount and others, on an unpaid stock subscription. There was judgment discharging Blount as garnishee and plaintiff appeals. Affirmed.

LONDON & FITTS, for appellant.—The subscriber to the capital stock of a corporation is liable to the creditors of the corporation to the extent of unpaid stock owned by him.—Secs. 234 and 236, Const. 1901; *Henderson v. Mayfield W. Mills,* 45 South. 211; *Williams v. Evans,* 87 Ala. 725; *Tutwiler v. Tuscaloosa C. I. & L. Co.,* 89 Ala. 391; *Parsons v. Josephs,* 92 Ala. 403; *Elyton L. Co. v. Birmingham W. & E. Co.,* 92 Ala. 407; *Hay v. Brierfield C. & I. Co.,* 94 Ala. 303; *Davis v. Montgomery F. & C. Co.,* 101 Ala. 127; *Ala. Nat. Bank v. Halscy,* 109 Ala. 196. The transferee of stock who takes it with knowledge that it has not been fully paid for succeeds to the liability of the transferrer as well as to his rights. —*Henderson v. Mayfield W. Mills, supra; Allen v. Montgomery R. R. Co.,* 11 Ala. 437; 3 Thomp. on Corp. sec. 3222; 91 U. S. 65; 96 U. S. 328; 193 Ill. 394.

No counsel marked for appellee.

ANDERSON, J.—While the statute authorizes a creditor of a corporation to subject by garnishment any unpaid balance on the stock, the creditor must show that there is something due; and, failing to do so, he does not make out a case against the garnishee. Blount in his oral answer admits buying $5,000 of the stock held by Gulley in the Bridgeport Company for $4,200, which said sum went to pay certain notes given by Gulley. The proof does not show that these notes were due upon the stock issued to Gulley, but indicates that

they were held for debts contracted by Gulley for the land, etc., put into the Bridgeport corporation. The articles of incorporation of the Bridgeport Company were introduced, and show that Gulley got $10,000 stock, $2,500 paid in and the balance to be paid by a conveyance of property, and there was no proof that the property had never been conveyed, or that Gulley owed the Bridgeport Company anything on the stock he sold to Blount. It matters not what Blount paid Gulley for the stock, as he could not be liable to the corporation, or its creditors, unless it was shown that Gulley had not paid for said stock. The plaintiff not only failed to affirmatively show that there was anything owing the Bridgeport Company for the stock bought by Blount, but the proof afforded an inference that Gulley had paid for said stock. The articles of incorporation recite $2,500 paid and the other $7,500 to be canceled by a conveyance of property, and Blount stated that the company had accepted the land. Gulley could, under the statute pay his subscription in property. Section 3467 of the Code of 1907.

The judgment of the city court is affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.

